Per Curiam.

While the court, in fixing reasonable rents under the Commercial Rent Law (L. 1945, eh. 3, as amd.), is not bound by the landlord’s *868 actual expenditures for maintenance and operation (Schack v. Handel, 271 App. Div. 1), and may test and modify such figures by appropriate objective standards in giving " due consideration ” to the cost of maintenance and operation, the figures adopted by the court must be responsive to the evidence and may not be fixed arbitrarily by the court or merely in accordance .with its "own ideas of what is reasonable. We have said that actual experience should be given great weight (Schack v. Handel, supra) and so it should, but where the evidence raises doubts as to the reasonableness or propriety of certain expenditures or as to their being attributable to maintenance and operation, the court may and should make findings as to cost of maintenance and operation- in accordance with the weight of the evidence. We cannot say, therefore, that the court here should have accepted either the actual figures submitted by the landlord or the estimate submitted as reasonable by the landlord’s .expert. We are unable to see, however, that the figures adopted by the court are supported by evidence or represent anything more than the court’s own view of what the expenditures should have been. The order appealed from should be reversed, with costs to the appellant, and the matter remanded to Special Term for retrial, with the opportunity to all parties to introduce further evidence, and a determination of reasonable rent in accordance with the evidence.
Martin, P. J., Glennon, Dore, Cohn and Peck, JJ¡, concur.
Order unanimously reversed, with costs to the appellant, and the matter remanded to Special Term for retrial in accordance with opinion.